UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY DEROSIER,<br><br>    Plaintiff,<br><br>    v.<br><br>GLOBAL HAWK INSURANCE COMPANY (RRG),<br><br>    Defendant. | Case No. 4:16-cv-06069-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 7 |

Plaintiff Brittney Derosier filed this case against Defendant Global Hawk Insurance Company (RRG) in Alameda County Superior Court on October 11, 2016. Defendant removed the case to federal court on October 20, 2016. On October 25, 2016, Plaintiff filed a motion to remand the case to state court and requested that she be awarded attorney's fees. (Pl.'s Mot., Dkt. No. 7.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and finds that Defendant is a citizen of Vermont and California for diversity purposes. Therefore, Plaintiff's motion to remand and request for an award of attorney's fees is GRANTED IN PART AND DENIED IN PART, and the case is remanded to Alameda County Superior Court.

### I. LEGAL STANDARD

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is a "strong presumption against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). This principle dictates that the removal statute be "strictly construed against removal jurisdiction." *Id.*

1  Upon remand, the court may "require payment of just costs and any actual expenses,
2  including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

## II. DISCUSSION

Plaintiff maintains that this case should be remanded to state court on the grounds that Defendant is a citizen of California for diversity purposes, because it maintains its principal place of business in Livermore, California. (Pl.'s Mot., Dkt. No. 7 at 2.)[1] This case involves an attempt to enforce a judgment against an insured party, and the insured is not named. An "insurer shall be deemed a citizen of—(A) every State and foreign state of which the insured is a citizen; (B) every State and foreign state by which the insurer has been incorporated; and (C) the State or foreign state where the insurer has its principal place of business." 28 U.S.C. § 1332(c)(1).

The United States Supreme Court has determined
> that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).
>
> . . .
>
> A corporation's "nerve center," usually its main headquarters, is a single place. The public often (though not always) considers it the corporation's main place of business. And it is a place within a State.

*Hertz Corp. v. Friend*, 559 U.S. 77, 93, 130 S. Ct. 1181, 1192-93, 175 L. Ed. 2d 1029 (2010). "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Id.* at 96. Thus, Defendant bears the burden of showing that its principal place of business is not located in California.

///

---

[1] In her reply, Plaintiff claims that Defendant stipulates to remand. (Pl.'s Reply at 1-2.) The Court, however, has seen no evidence to support this agreement, as Defendant did not agree to remand in its opposition nor concede that its principal place of business is in Livermore, California in its supplemental brief. Therefore, the Court will assume, for the purposes of this motion, that Defendant has not agreed to a voluntary remand of this case to state court.

**A.     Motion to Remand**

In opposition, Defendant argues that it is only a citizen of Vermont, where it is incorporated, and that it transacts its business through a management general agency agreement with Global Century Insurance Brokers, Inc., which is located in Vermont. (Def.'s Opp'n, Dkt. No. 11; Def.'s Suppl. Br., Dkt. No. 14 at 2.)

In support of the motion to remand, Plaintiff, however, provided ample evidence to establish that Defendant's principal place of business is located in Livermore, California. First, Defendant's website lists its address for contact purposes as 2575 Collier Canyon Road, Livermore, California 94551 and provides two phone numbers with (925) area codes—the area code in which Livermore, California is located. (Decl. of Donald P. Bingham, "Bingham Decl.," Dkt. No. 7-1 ¶¶ 11-12, Ex. C.) Second, Jasbir Singh Thandi is Global Hawk's CEO, President, and Founder. (Bingham Decl. ¶ 12.) A search of Thandi on the California Insurance Commissioner's website for licensing information produced a record pertaining to Thandi, which stated that he is doing business as Thandi Insurance Brokerage at the same Livermore, California business address as Global Hawk. (Bingham Decl. ¶ 13, Ex. D.) Third, an application for Commercial Vehicle Liability Insurance from Defendant's website provided, on page four, states that "Applicant agrees upon approval of the application, the Company will bind coverage at the home office in Alameda County." (Bingham Decl. ¶ 14, Ex. E at 4.) While no single piece of evidence is determinative, taken together, it appears that Global Hawk's principal place of business is located in Livermore, California, as their home office is there, the two officers are California residents, and the insurance policies are bound there.

In light of this information, and Defendant's failure to acknowledge, let alone rebut, the evidence in its opposition, the Court ordered Defendant to file a supplemental brief "addressing where its principal place of business is located, which shall include where the corporate headquarters is located, where the board and high level officers are located, where decisions are made, and where the employees are located." (Dkt. No. 13.) Defendant's supplemental brief, however, was nonresponsive. Nowhere did Defendant affirmatively state where its principal place of business was located, and instead claimed that while the two officers are residents of California,

3

"the functions they perform are directed to Vermont and transpire and occur in Vermont." (Def.'s Suppl. Br. at 2.) Furthermore, the fact that shareholder meetings occur via telephone on calls that originate in Vermont is certainly not dispositive, particularly when the implication is that the two officers are located in California. (*See* Decl. of Sandeep S. Sahota, Dkt. No. 14 ¶ 5.) Also, that an annual board of directors meeting, at which a quorum of directors must be physically present in Vermont, is similarly not determinative of a principal place of business. *Id.* at ¶ 6. Indeed, the Supreme Court has found that a "headquarters" where a corporation holds its board meetings, and which requires directors and officers to travel for the occasion, is not the principal place of business when the nerve center is elsewhere. *Hertz*, 559 U.S. at 93.

In light of the foregoing, Defendant has failed to meet its burden to show that its principal place of business is not in Livermore, California. *See Hertz*, 559 U.S. at 96. Therefore, Defendant is a resident of California for diversity purposes. Under the forum defendant rule, "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Thus, the forum defendant rule applies, and the action is not removable on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b).

### B. Request for Attorney's Fees

While Defendant could not satisfy its burden to establish diversity of citizenship, the Court declines to award attorney's fees on remand. Accordingly, Plaintiff's request for attorney's fees is DENIED.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand the case to state court and for attorney's fees is GRANTED IN PART AND DENIED IN PART. Specifically, the request to REMAND is granted, and the case is remanded to Alameda County Superior Court. The request for attorney's fees is DENIED.

IT IS SO ORDERED.

Dated: November 23, 2016

KANDIS A. WESTMORE
United States Magistrate Judge