UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY DEROSIER,<br><br>    Plaintiff,<br><br>v.<br><br>GLOBAL HAWK INSURANCE COMPANY (RRG),<br><br>    Defendant. | Case No. 4:16-cv-06069-KAW<br><br>**AMENDED ORDER REGARDING PLAINTIFF'S RENEWED MOTION FOR ATTORNEYS' FEES AND COSTS; ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 20, 26 |

On January 26, 2017, the Court converted Plaintiff's motion for reconsideration of the denial of attorneys' fees in connection with the granting of the motion to remand to state court into into a renewed motion for attorneys' fees and costs under 28 U.S.C. § 1447(c). (*See* Pl.'s Mot., Dkt. No. 20.)

On March 16, 2017, the Court held a hearing, and, after careful consideration of the parties' arguments, and moving papers, and for the reasons set forth below, the Court GRANTS the renewed motion for attorneys' fees and costs, and discharges the order to show cause against Mr. Flamiano.

## I.  BACKGROUND

Plaintiff Brittney Derosier filed this case against Defendant Global Hawk Insurance Company (RRG) in Alameda County Superior Court on October 11, 2016. Defendant removed the case to federal court on October 20, 2016. On October 25, 2016, Plaintiff filed a motion to remand the case to state court and requested that she be awarded attorney's fees.

On November 23, 2016, the Court granted in part and denied in part Plaintiff's motion. Specifically, the Court granted the motion to remand, but denied the request for attorney's fees and costs. (Remand Order, Dkt. No. 17.)

On December 3, 2016, Plaintiff filed a motion for reconsideration of the denial of attorneys' fees in connection with the granting of the motion to remand to state court. (Pl.'s Mot., Dkt. No. 20.) Therein, Plaintiff informed the Court that defense couunsel Dominic G. Flamiano had filed a 2015 lawsuit on behalf of Defendant, in which he stated that it was a citizen of California. Thereafter, the Court converted the motion into a renewed motion for attorney's fees and costs and issued an order to show cause to Mr. Flamiano why he should not be personally sanctioned and referred to the Northern District's Standing Committee on Professional Conduct. (1/26/17 Order, Dkt. No. 26.)

On February 17, 2017, Defendant filed an opposition, and Mr. Flamiano filed a response to the order to show cause. (Def.'s Opp'n, Dkt. No. 29-3; OSC Resp., Dkt. No. 29.) On February 21, 2017, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 31.)

## II. LEGAL STANDARD

### A. Removal and attorneys' fees on remand

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is a "strong presumption against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). This principle dictates that the removal statute be "strictly construed against removal jurisdiction." *Id.*

Upon remand, the court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court retains "jurisdiction to consider a motion for sanctions filed after an action has been remanded to state court." *City of Santa Rosa v. Patel*, 2007 WL 2790687, at *2 (N.D. Cal. Sept. 25, 2007) (citing *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992)).

### B. Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a motion. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R.

United States District Court
Northern District of California

Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

#### A. Requests for Judicial Notice

As a preliminary matter, Plaintiff asks that the Court take judicial notice of two documents in support of her motion for attorneys' fees: 1) the complaint in *Global Hawk Ins. Co. (RRG) v. Vega*, 15-cv-02093-YGR (May 8, 2015); and 2) the civil cover sheet in *Global Hawk Ins. Co. (RRG) v. Vega*, 15-cv-02093-YGR. (Pl.'s Req. for Judicial Notice, "Pl.'s RJN," Dkt. No. 20-2.)

Defendant asks that the Court take judicial notice of Defendant's Supplemental Brief regarding its Principal Place of Business, filed in this case on November 21, 2016. (Def.'s Req. for Judicial Notice, "Def.'s RJN," Dkt. No. 29-2.)

Neither party opposes the requests for judicial notice.

The exhibits are court filings. Court records are subject to judicial notice, so the Court will take judicial notice of the exhibits, because they are true and correct copies of a court record. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Accordingly, the Court GRANTS the requests for judicial notice.

#### B. Motion for Attorney's Fees and Costs

##### i. Merits

When the Court denied the original request for attorney's fees and costs in connection with the motion to remand, it was unaware that Defendant had filed a 2015 lawsuit in this district that clearly asserted that it was a citizen of California. *See* Compl. ¶ 1, *Global Hawk Ins. Co. (RRG) v. Vega*, 15-cv-02093-YGR (May 8, 2015), ECF No. 1. Had this information been known, the Court

3

1   would have awarded Plaintiff her attorney's fees and costs at the time of remand.

2         In opposition, Defendant contends that Plaintiff was not diligent in discovering that it had
3   filed the 2015 lawsuit, so the motion must be denied. (Def.'s Opp'n at 1.) The Court, however, in
4   converting the motion to reconsideration into a renewed motion for attorneys' fees and costs, has
5   already determined that this late discovery was not due to a lack of diligence. (Dkt. No. 26 at 2.)

6         Defendant then attempts to relitigate the citizenship issue that was decided in the motion to
7   remand. (*See* Def.'s Opp'n at 2.)  Now, Defendant argues that it mistakenly asserted that its
8   principal place of business was in California in the *Vega* case. (Def.'s Opp'n at 5.)  Defendant
9   relies on *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337 (3d Cir. 2013), in support of its
10  position. (*See* Def.'s Opp'n at 3.)

11        As an initial matter, it is apparent that Defendant's reliance on *SmithKline Beecham* is new,
12  and did not exist at the time of removal, as the case was neither cited nor mentioned in connection
13  with the opposition to the motion to remand, including Defendant's supplemental brief regarding
14  its principal place of business. (*See* Dkt. Nos. 11 & 14.)  In fact, as the Court noted in the remand
15  order, the supplemental brief was nonresponsive, as "[n]owhere did Defendant affirmatively state
16  where its principal place of business was located, and instead claimed that while the two officers
17  are residents of California, 'the functions they perform are directed to Vermont and transpire and
18  occur in Vermont.'" (Remand Order at 3-4 (citing Def.'s Suppl. Br. at 2).)  Had Defendant
19  believed that *SmithKline Beecham* applied, it would have surely affirmatively stated that its
20  principal place of business was located in Vermont.  At the hearing, Mr. Flamiano conceded that
21  he did not discover the *SmithKline Beecham* case until he was filing his opposition to the motion
22  to reconsider, and so did not rely on the case at the time of removal.

23        Even so, Defendant's newfound reliance on *SmithKline Beecham* is misplaced.  Not only is
24  *SmithKline Beecham* not binding precedent in this district, it concerned the citizenship of a limited
25  liability company, which is determined by the citizenship of each of its members. 724 F.3d at 348;
26  *see also Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[An
27  LLC is a citizen of every state of which its owners/members are citizens.")  Accordingly, an LLC
28  "is not defined by its principal place of business, and thus the location of its nerve center is not at

issue for purposes for establishing diversity jurisdiction." 724 F.3d at 352. Contrary to defense counsel's assertion at the hearing, that Global Hawk is a risk retention group does not render it an unincorporated entity akin to an LLC. It is a corporation, thereby rendering the holding in *SmithKline Beecham* inapplicable. Therefore, it cannot reasonably rely on *SmithKline Beecham* to assert that its citizenship is limited to Vermont.

Instead, the principal place of business is determined by the location of the nerve center, which the undersigned has determined, based on a great deal of evidence, is in California. (Remand Order at 3-4.) Defendant admits that it transacts business through a management general agency ("MGA") agreement with Global Century Insurance Brokers, Inc., which is a California corporation located at the same Livermore, California address as Global Hawk. (*See* Def.'s Opp'n at 2.) Pursuant to California Insurance Code § 769.85, "[t]he acts of the MGA are considered to be the acts of the insurer on whose behalf it is acting. An MGA may be examined as if it were the insurer." Furthermore, as previously discussed, Global Hawk's only two officers are located in California. (Remand Order at 4.) Thus, Defendant's representation of its citizenship in the *Vega* case was accurate.

Based on the foregoing, the Court finds that Defendant had no reasonable basis for claiming that Vermont was its principal place of business at the time of removal.

### ii. Appropriate Award

An award of attorneys' fees and costs is appropriate on remand when the removing party had no reasonable basis for removal. Plaintiff seeks attorney's fees in the amount of $6,885.00. (Decl. of Donald P. Brigham, "Brigham Decl.," Dkt. No. 20-1 ¶ 19.) Donald P. Brigham has been practicing law since 1987, and previously served as a presiding arbitrator for the Orange County Bar Association. (Brigham Decl. ¶ 20.) His time is billed at $450.00 per hour. *Id.* Mr. Brigham spent 15.3 hours in connection with the motion to remand and the renewed motion for attorneys' fees. *Id.* Defendant does not contest Mr. Brigham's hourly rate. After reviewing Plaintiff's billing records and considering the experience of counsel, the undersigned finds that the hourly rate is reasonable and consistent with prevailing market rates in the Northern District.

The Court does, however, find that 0.5 hours for scanning exhibits and documents and

preparing proofs of service is not recoverable, as these are administrative tasks. (*See* Brigham Decl. Ex. A at 2.)  Thus, Plaintiff may recover the fees incurred in connection with 14.8 hours of work.

Accordingly, the Court awards attorney's fees to Plaintiff in the amount of $6,660.00 pursuant to 28 U.S.C. § 1447(c) and the Court's inherent authority.

### C.   Order to Show Cause

The Court was concerned that defense counsel Dominic G. Flamiano misrepresented Defendant's citizenship, despite having filed a 2015 lawsuit in this district that claimed that Defendant was a citizen of California. *See* Compl. ¶ 1, *Global Hawk Ins. Co. (RRG) v. Vega*, 15-cv-02093-YGR (May 8, 2015), ECF No. 1.  Accordingly, Mr. Flamiano was order to show cause why he should not be personally sanctioned under 28 U.S.C. § 1927 and/or the Court's inherent powers, and why he should not be referred to the Northern District's Standing Committee on Professional Conduct.

On February 17, 2017, Mr. Flamiano responded to the order to show cause. (OSC Resp., Dkt. No. 29.)  Therein, he reiterated the same arguments regarding citizenship as he did in the opposition to the renewed motion for attorneys' fees, in which he relied on *SmithKline Beecham*. *See id.*  He further claims that there "was no willful attempt to mislead the court and that the allegation of Vermont citizenship of [his] client Global Hawk was made in good faith." *Id.* at 6.

As provided above, Mr. Flamiano conceded that he was not aware of *SmithKline Beecham* prior to responding to renewed motion for attorneys' fees and the order to show cause, as evidenced by his failure to cite the case in connection with the original motion to remand. *See* discussion *supra* Part III.A.i. That a potentially reasonable basis for removal was later identified does not relieve Mr. Flamiano of his obligation to act in good faith, and the undersigned does not look kindly on attempts to mislead the Court.

At the hearing, Mr. Flamiano apologized to the Court and took responsibility for his actions.  The Court trusts that Defendant will not file future notices of removal without a reasonable basis.

Accordingly, the Court discharges the order to show cause against Mr. Flamiano.

### IV. CONCLUSION

In light of the foregoing, the Court GRANTS Plaintiff's renewed motion for attorneys' fees in the amount of **$6,660.00**, which shall be paid within 30 days of this order.

The Court further DISCHARGES the order to show cause against Mr. Flamiano.

IT IS SO ORDERED.

Dated: March 27, 2017

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge